## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

OSCAR JULIEN-RIOU,                                        CASE NO.

      Plaintiff,

vs.

CITY OF MIAMI, a Florida Municipality;

MIAMI-DADE COUNTY, a political subdivision
of the State of Florida;

CITY OF MIAMI POLICE DEPARTMENT; and

IOANNYS LLANES, in his Individual Capacity,

      Defendants.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, OSCAR JULIEN-RIOU, by and through the undersigned attorneys, files the instant Complaint and sues Defendants CITY OF MIAMI, MIAMI-DADE COUNTY, CITY OF MIAMI POLICE DEPARTMENT, and IOANNYS LLANES ("DEFENDANT LLANES"), and states the following:

### NATURE OF THE ACTION

1. This is a 42 U.S. Code § 1983 federal civil rights case under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as applied to the

states under the United States Constitution's Fourteenth Amendment for the Defendants' individual and collective personal, malicious, and unlawful violations of PLAINTIFF's constitutional rights to equal protection, due process, and to be free from unreasonable searches and seizures. State tort claims are also raised herein.

2. Defendants committed these unlawful violations of PLAINTIFF's constitutional and state rights under color of state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of PLAINTIFF's rights.

## JURISDICTION AND VENUE

3. PLAINTIFF brings this civil action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, for violations of civil rights under the Fourth and Fourteenth Amendments to the United States Constitution. PLAINTIFF also requests relief under 42 U.S.C. § 1988 and 28 U.S.C. § 1331.

4. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C.§ 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights). PLAINTIFF's state law claims are related to these federal claims and form a part of the same case or controversy. The Court accordingly has supplemental jurisdiction over PLAINTIFF's state law claims, pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this, the Southern District of Florida, pursuant to 28 U.S.C. § 1391(b). Defendants reside in and/or work in this district, and all or a substantial part of the events or omissions giving rise to the claim occurred within the district.

All Defendants are subject to personal jurisdiction in this district.

6.  All conditions precedent to the maintenance of this action, including those set forth in section 768.28, Florida Statutes, have occurred, been performed, or waived prior to its institution.

## PARTIES

7.  Plaintiff, OSCAR JULIEN-RIOU, is an adult African-American male Florida resident residing within this Court's jurisdiction and is otherwise *sui juris*. PLAINTIFF is a retired veteran with 20 years of service in the United States Army. He ended his service as an officer. Following his service in the army, he was employed as a registered nurse with the Veterans Administration. In mid-2018, he retired from 20 years with the V.A. He continued to volunteer at the V.A. by playing piano for veterans in palliative care. Prior to December 2018, he had never been arrested. He was 63 years old in December 2018.

8.  Defendant IOANNYS LLANES ("DEFENDANT LLANES") was, at all times material to this Complaint, a police officer with the City of Miami Police Department, a police department within this district.

9.  Defendant CITY OF MIAMI POLICE DEPARTMENT is a police department within this district.

10. Defendant CITY OF MIAMI is a city within this district.

11. Defendant MIAMI-DADE COUNTY is a Florida county within this district.

22

## FACTUAL ALLEGATIONS

12. The Miami Police Department has a proven pattern of excessive use of force (whether deadly or non-deadly or with/without weapon discharge), negligent training and supervision, and inadequate and unreasonably delayed internal investigations, and was under U.S. Department of Justice (hereinafter "DOJ") monitoring and/or oversight for such pattern and practices prior to and at the time of the incident in the instant case.

13. In December 2018, PLAINTIFF, a 63-year-old African American military veteran, lived across the street from Alonzo Kelly Park in Miami, Florida.

14. Alonzo Kelly Park is a small, open square with some concrete benches on one side of it.

15. The neighborhood is predominantly African-American.

16. Since his retirement from the V.A., PLAINTIFF made a habit of visiting to the park with a video camera in order to film himself making video blogs/journals wherein he discussed the idea of becoming a full-time Christian minister.

17. The CITY OF MIAMI and MIAMI-DADE COUNTY share concurrent jurisdiction over Alonzo Kelly Park.

18. On December 10, 2018, PLAINTIFF walked to Alonzo Kelly Park and sat alone on a park bench to record one of his video journals.

19. The City of Miami Ordinance 38-3 provides:

Sec. 38-3. - Closing hours for parks and playgrounds—Generally.

(a) Except as otherwise provided in this chapter, all municipally owned parks and playgrounds of the city and all similar real property owned by the city, not directly engaged in the operation of facilities which require that the general public have access to such premises during the hours hereinafter recited, shall be closed to the general public from **10:00 p.m. until 7:00 a.m.**...

20. No sign at Alonzo Kelly Park stated a closing time.

21. City of Miami Ordinance Sec. 38-4 provides that the

police department shall cause proper notice to be placed in the main entrances to the city parks, playgrounds and properties referred to in the preceding section, warning the general public that such properties are closed during the hours therein recited.

22. At around 7 p.m., PLAINTIFF was recording one of his video logs (a video excerpt is posted at https://youtu.be/2T5G5AMF2PA).

23. DEFENDANT LLANES of the Miami Police Department observed PLAINTIFF for several minutes prior to approaching him and saw PLAINTIFF sitting alone on the park bench recording his video log.

24. DEFENDANT LLANES approached PLAINTIFF and told him to leave the park, telling him that the park was closed. (This interaction occurs shortly after the 5:30 mark in the video excerpt at the above link.)

25. PLAINTIFF responded that he did not know the park was closed.

26. PLAINTIFF gathered his belongings to leave the park, announcing to the officer that he was holding his video camera in his hand.

27. Without warning, DEFENDANT LLANES grabbed PLAINTIFF, threw him

22

down on the concrete pavement, and stated, "What's in your hand?"

28. DEFENDANT LLANES also asked PLAINTIFF what had he (PLAINTIFF) thrown away. PLAINTIFF denied throwing anything away.

29. PLAINTIFF did not attempt to flee, and he did not fight the officer.

30. DEFENDANT LLANES used unreasonable force, injuring PLAINTIFF.

31. DEFENDANT LLANES called additional officers to the scene, including a K-9.

32. Officers handcuffed PLAINTIFF.

33. DEFENDANT LLANES and the responding officers searched PLAINTIFF without consent.

34. PLAINTIFF feared that the police were going to kill him, and he worried that his children would never know what happened to him.

35. DEFENDANT LLANES detained PLAINTIFF in his police vehicle for over an hour. An officer briefly removed the handcuffs at the direction of a police sergeant who arrived on the scene, but then placed him back in handcuffs because one of officers didn't "feel comfortable" with PLAINTIFF being uncuffed.

36. Neither police officers nor K-9 officers found evidence of any criminal wrongdoing by PLAINTIFF during the detention, arrest, and search of the surroundings.

37. DEFENDANT LLANES directed other officers that PLAINTIFF was under

arrest.

38. After approximately two hours the police released PLAINTIFF.

39. After letting him go and without re-arresting him, DEFENDANT LLANES charged PLAINTIFF with resisting arrest without violence.

40. PLAINTIFF was not charged any other underlying criminal activity.

41. PLAINTIFF entered a plea of Not Guilty to the resisting arrest without violence charge and demanded a jury trial.

42. Trial was scheduled for February 25, 2019.

43. On or about February 18, 2019, the prosecutor finally viewed PLAINTIFF's video of the encounter in the presence of PLAINTIFF's attorney. Immediately thereafter, the prosecutor told PLAINTIFF's attorney that DEFENDANT LLANES lacked probable cause for the arrest and that the charge of resisting arrest without violence would be dropped.

44. On February 25, 2019, the day of trial, the charge was officially dropped via oral announcement of a *nolle prosequi* in open court.

45. On March 28, 2019, PLAINTIFF filed a complaint against DEFENDANT LLANES with the Internal Affairs section of the Miami PD.

46. Around this time, multiple television news broadcasts in the area aired PLAINTIFF's videotape of his violent arrest by DEFENDANT LLANES.

47. On or about June, 2020, Internal Affairs informed PLAINTIFF's attorney that

its investigation was complete.

48.Internal Affairs found that DEFENDANT LLANES was guilty of improper procedure due to DEFENDANT LLANES's body camera conflicting with his written sworn affidavit in the investigation.

49.In particular, in his sworn affidavit DEFENDANT LLANES stated to Internal Affairs that he told PLAINTIFF to "turn around and put his hands behind his back and to stop resisting."

50.Internal Affairs noted in its written report that a review of DEFENDANT LLANES' body camera showed that DEFENDANT LLANES never made those statements or gave any similar instructions or order to PLAINTIFF.

51.Despite Internal Affairs advising PLAINTIFF's attorney that DEFENDANT LLANES violated department policy and would be disciplined, the officer has not, to date, been disciplined.

52.On or about June 2020 PLAINTIFF filed a complaint against DEFENDANT LLANES with the Civilian Investigative Panel ("CIP") for Miami-Dade County.

53. The CIP has official oversight of police investigations and is comprised of a diverse representation of the community (in terms of race, gender, education, etc.). Florida bar-licensed Attorneys are also members of the CIP who participate in investigations and final findings

54. In its investigation, the CIP reviewed the initial complaint made to Internal

22

Affairs, the Internal Affairs' investigation and findings, the arrest affidavit, the body worn cameras of all officers on the scene (including that of DEFENDANT LLANES), the personnel files of the involved officers, and an interview of PLAINTIFF; conducted an on-site visit to the scene of the arrest; communicated with the City of Miami Police Department and the City of Miami; and convened an open and public forum prior to rendering its final findings.

55. There was no evidence of discipline by the CITY OF MIAMI POLICE DEPARTMENT in DEFENDANT LLANES' file for his actions against PLAINTIFF.

56. The CITY OF MIAMI POLICE DEPARTMENT informed the CIP that no discipline of DEFENDANT LLANES for his actions against PLAINTIFF was performed.

57. On January 21, 2021 the CIP released its final findings letter.

58. The CIP SUSTAINED the charges of False Arrest, Excessive/Unnecessary Force, and Improper Procedure.

59. The CIP upgraded a charge of Improper Procedure to Police Misconduct and SUSTAINED that charge.

60. On February 21, 2021 the CIP released its Close Out Memo to the CITY OF MIAMI and CITY OF MIAMI POLICE DEPARTMENT noting the above-recited findings.

61.The Miami-Dade State Attorney's Office advised PLAINTIFF's attorney that its Office was reviewing its prior investigation of DEFENDANT LLANES conduct to determine whether DEFENDANT LLANES might have criminal liability in this matter.

62.Due to DEFENDANT LLANES' actions in 2018 PLAINTIFF received medical treatment for physical injuries and has been and remains under the active care of a Psychiatrist.

63.PLAINTIFF continues to suffer mental and physical symptoms from the violent attack.

64. Following the violent attack, PLAINTIFF suffers from recurring headaches, nightmares, and panic attacks

65. PLAINTIFF additionally suffered humiliation, mental anguish, emotional distress, and embarrassment, and suffers from recurring nightmares related to the attack.

66. Attempting to visit the park after his arrest resulted in anxiety and panic attacks, and PLAINTIFF has therefore relocated to another city because he could not bear to live across the street from the park where he was attacked.

67. PLAINTIFF also suffers from anxiety whenever in the presence of police officers. He has been prescribed anxiety medication, and attends therapy sessions and counseling.

22

68. PLAINTIFF has delayed or abandoned plans to open his full-time ministry due to his continuing anxiety from this incident, which has resulted in financial loss.

## CLAIMS FOR RELIEF

## COUNT I: EXCESSIVE USE OF FORCE BY DEFENDANT LLANES
### (42 U.S.C. § 1983)

69. PLAINTIFF realleges the allegations contained in Paragraphs 1 through 68.

70. The force used by DEFENDANT LLANES against PLAINTIFF during his arrest of PLAINTIFF was inhumane, unnecessary, and excessive. It was designed to inflict pain.

71. This force was used under color of law and deprived PLAINTIFF of his rights under the Fourth Amendment to the United States Constitution.

72. In light of PLAINTIFF's age, demeanor, the fact that the officer observed him prior to the attack, the fact that PLAINTIFF attempted to comply with the instruction to leave the park, and the fact that he did not fight back, DEFENDANT LLANES's use of force was objectively unreasonable and done in violation of PLAINTIFF'S clearly-established constitutional rights under the Fourth and Fourteenth Amendments and is actionable under 42 U.S.C. § 1983.

73. As a further direct and proximate result of Defendant LLANES' conduct, PLAINTIFF suffered unlawful arrest and detention; loss of his liberty and freedom; bodily injury and resulting pain and suffering; severe mental anguish and emotional distress; was subjected to great fear, indignity, and humiliation; was held up to scorn

and ridicule; was injured in character and reputation; suffered medical expenses for treatment and care; and is otherwise injured now and in the future.

74. PLAINTIFF has been forced to retain counsel to represent him to vindicate his rights. Pursuant to the provisions of 42 U.S.C. Section 1988, he is entitled to reasonable attorney's fees and costs.

WHEREFORE, PLAINTIFF seeks relief as further described below.

## COUNT II: DELIBERATE INDIFFERENCE BY CITY OF MIAMI
## (42 U.S.C. § 1983)

75. PLAINTIFF realleges the allegations contained in Paragraphs 1 through 68.

76. THE CITY OF MIAMI violated PLAINTIFF'S Fourth and Fourteenth Amendment rights by evincing deliberate indifference.

77. As evidenced by the DOJ investigation of the CITY OF MIAMI and its police department, and as further evidenced by the failure of the CITY OF MIAMI to timely investigate or discipline DEFENDANT LLANES, the CITY OF MIAMI disregarded a known or obvious consequence of its action. The CITY OF MIAMI knew its officers had a proven pattern of employing excessive force, utilizing poor tactics when engaging the public, noncompliance with police procedure, and excessive delays in investigating complaints against its officers.

78. The CITY OF MIAMI's custom and culture of inadequately training or disciplining police officers who engage in unnecessarily violent arrests lacking probable cause directly led to the illegal and violent attack upon PLAINTIFF by

DEFENDANT LLANES.

79. There has been a pattern of similar constitutional violations by officers employed by the CITY OF MIAMI's police department, which involves use of excessive force against individuals who are non-threatening and where there is no probable cause to arrest. This custom disproportionately affects African-American residents of the CITY OF MIAMI. DEFENDANT LLANES' acts were done under color of state law and are actionable under 42 U.S.C. Section 1983.

80. As a direct, proximate, and foreseeable result of Defendant CITY OF MIAMI's indifference PLAINTIFF has suffered the injuries described in this complaint, including bodily injuries and resulting pain and suffering, mental anguish, loss of ability to enjoy life, expenses of medical treatment, and other losses, including the aggravation of pre-existing conditions. These injuries and losses are continuing, and PLAINTIFF will suffer such losses in the future.

81. PLAINTIFF has been forced to retain counsel to represent him to vindicate his rights. Pursuant to the provisions of 42 U.S.C. Section 1988, he is entitled to reasonable attorney's fees and costs.

WHEREFORE, PLAINTIFF seeks relief as further described below.

### COUNT III: Battery By Officer Llanes (42 U.S.C. § 1983)

82. PLAINTIFF realleges the allegations contained in paragraphs 1 through 68.

83. DEFENDANT LLANES' conduct against PLAINTIFF, when he used

unreasonable and excessive force to push/throw PLAINTIFF down to the concrete pavement and put him in handcuffs, constituted an illegal battery. The attack constituted an intentional unwelcome and unprivileged touching of PLAINTIFF undertaken in bad faith and with actual malice.

84.  As a direct, proximate, and foreseeable result of the battery, PLAINTIFF has suffered the injuries described in this complaint, including bodily injuries and resulting pain and suffering, mental anguish, loss of ability to enjoy life, expenses of medical treatment, and other losses, including the aggravation of pre-existing conditions. These injuries and losses are continuing, and PLAINTIFF will suffer such losses in the future.

85. PLAINTIFF has been forced to retain counsel to represent him to vindicate his rights. Pursuant to the provisions of 42 U.S.C. Section 1988, he is entitled to reasonable attorney's fees and costs.

WHEREFORE, PLAINTIFF seeks relief as further described below.

## COUNT IV: Negligent Hiring and/or Retention of Defendant Llanes by City of Miami (42 U.S.C. § 1983)

86. PLAINTIFF realleges the allegations contained in Paragraphs 1 through 68.

87. The CITY OF MIAMI has a duty under the Fourth and Fourteenth Amendments to the United States Constitution to protect individuals from the acts of false arrest and excessive force by the police officers the City employs.

88. Defendant CITY OF MIAMI, negligently knew or should have known that

DEFENDANT LLANES was dangerous and incompetent and liable to do harm to the citizens or residents of Miami-Dade County, Florida.

89. Defendant CITY OF MIAMI failed to conduct a reasonable investigation regarding the competence of DEFENDANT LLANES to be employed as a police officers for the CITY OF MIAMI POLICE DEPARTMENT.

90. Defendant CITY OF MIAMI, during the course of employment of DEFENDANT LLANES, became aware or should have become aware of problems that indicated his unfitness and/or predisposition to committing a wrong, but failed to take further action such as investigating, discharging, or reassigning him.

91. Defendant CITY OF MIAMI owed PLAINTIFF, as well as all residents of Miami-Dade County, a duty of care to hire and retain only competent officers.

92. Defendant CITY OF MIAMI breached its duty of care to PLAINTIFF by hiring and retaining officers such as OFFICER LLANES.

93. As a direct, proximate, and foreseeable result of Defendant CITY OF MIAMI's negligence, PLAINTIFF has suffered the injuries described in this complaint, including bodily injuries and resulting pain and suffering, mental anguish, loss of ability to enjoy life, expenses of medical treatment, and other losses, including the aggravation of pre-existing conditions. These injuries and losses are continuing, and PLAINTIFF will suffer such losses in the future.

94. PLAINTIFF has been forced to retain counsel to represent him to vindicate

his rights. Pursuant to the provisions of 42 U.S.C. Section 1988, he is entitled to reasonable attorney's fees and costs.

WHEREFORE, PLAINTIFF seeks relief as further described below.

## COUNT V: Negligent Supervision and/or Retention of Defendant Llanes by City of Miami (42 U.S.C. § 1983)

95. PLAINTIFF realleges the allegations contained in Paragraphs 1 through 68.

96. The CITY OF MIAMI has a duty under the Fourth and Fourteenth Amendments to the United States Constitution to protect individuals from the acts of false arrest and excessive force by the police officers the City employs.

97. The CITY OF MIAMI was aware, or should have been aware, of prior problems with DEFENDANT LLANES that would have necessitated additional training.

98. The CITY OF MIAMI failed to provide additional training.

99. As a direct, proximate, and foreseeable result of Defendant CITY OF MIAMI's negligence, PLAINTIFF has suffered the injuries described in this complaint, including bodily injuries and resulting pain and suffering, mental anguish, loss of ability to enjoy life, expenses of medical treatment, and other losses, including the aggravation of pre-existing conditions. These injuries and losses are continuing, and PLAINTIFF will suffer such losses in the future.

100.    PLAINTIFF has been forced to retain counsel to represent him to vindicate his rights. Pursuant to the provisions of 42 U.S.C. Section 1988, he is

entitled to reasonable attorney's fees and costs.

WHEREFORE, PLAINTIFF seeks relief as further described below.

## COUNT VI: Fourth Amendment Violation by False Arrest, False Imprisonment, and/or Malicious Prosecution by Defendant Llanes (42 U.S.C. § 1983)

101.    PLAINTIFF realleges paragraphs 1 through 68.

102.    DEFENDANT LLANES personally initiated the arrest and seizure of PLAINTIFF under color of state law.

103.    The search and seizure lacked probable cause and reasonable suspicion in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

104.    The search and seizure were done maliciously.

105.    The search bore no fruit. PLAINTIFF was at all applicable times entirely innocent of criminal activity.

106.    Following the release of PLAINTIFF, DEFENDANT LLANES caused formal criminal proceedings to be instituted against PLAINTIFF with malice after any conceivable claim of probable cause or reasonable suspicion had been extinguished.

107.    DEFENDANT LLANES submitted police reports to prosecuting authorities containing false statements and/or material omissions, and those reports were relied upon by prosecuting authorities.

108.     Based on the elaborate story and/or police report DEFENDANT LLANES fabricated, the State Attorney's Office filed a criminal charge of Resisting Arrest Without Violence against PLAINTIFF.

109.     The prosecution was terminated via a *nolle prosequi* in open court.

110.     The unreasonable search and seizure, false arrest, false imprisonment, and/or malicious prosecution was the direct and proximate cause of physical, mental, and financial injury and damage to PLAINTIFF, and those injuries are permanent or continuing in nature.

111.     PLAINTIFF has been forced to retain counsel to represent him to vindicate his rights. Pursuant to the provisions of 42 U.S.C. Section 1988, he is entitled to reasonable attorney's fees and costs.

WHEREFORE, PLAINTIFF seeks relief as further described below.

## COUNT VII: Racial Discrimination Against the City of Miami

112.     PLAINTIFF realleges the allegations contained in paragraphs 1 through 68.

113.     Governmental entities including law enforcement do not enjoy qualified immunity for violation of another's constitutional rights based on race within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

114.     The CITY OF MIAMI's police department was under DOJ oversight

and monitoring prior to and during the December 2018 attack. The DOJ oversight commenced due to THE CITY OF MIAMI's practice and pattern of employing excessive force and unlawful tactics against unarmed African-American males absent probable cause.

115. Accordingly, the CITY OF MIAMI has a known and factually and legally proven pattern and practice of policing African-American males different from similarly-situated non-African-American people it arrests.

116. Accordingly, the CITY OF MIAMI was on notice of its disparate and unlawful treatment of unarmed African-American males during stops and arrests, including employing excessive force.

117. PLAINTIFF was an unarmed African-American male falsely arrested, battered, unlawfully detained without probable cause and injured by DEFENDANT LLANES' conduct. Such conduct was ratified by the Miami Police Department supervisor who appeared on the scene but failed to cure DEFENDANT LLANES' actions. The CITY OF MIAMI has to date refused to discipline or even place DEFENDANT LLANES on leave for any period of time relating to his actions in this case.

118. The CITY OF MIAMI, through its police department, has approved the conduct of DEFENDANT LLANES and other officers, encouraging violation of the Fourth and Fourteenth Amendment rights of PLAINTIFF and other African-

American males by failing to rein in rogue officers, creating an atmosphere that caused DEFENDANT LLANES and his fellow officers to feel that they have license to use excessive force, effectuate unlawful searches and arrests in the absence of probable cause, illegally detain people, and handcuff African-American males without cause for extreme lengths of time without any fear of discipline or consequence.

WHEREFORE, PLAINTIFF seeks relief as further described below.

## COUNT VIII: State Tort of False Arrest against Defendants City of Miami, Miami-Dade County, and City of Miami Police Department

119.    PLAINTIFF realleges paragraphs 1 through 68.

120.    The CITY OF MIAMI, MIAMI-DADE COUNTY, and CITY OF MIAMI POLICE DEPARTMENT are responsible for the conduct of its police officers including DEFENDANT LLANES's false arrest of PLAINTIFF.

121.    The restraint, arrest, and battery of PLAINTIFF was unlawful and unreasonable in that it was not based upon lawfully issued process of court, probable cause, or reasonable suspicion.

122.    As a result of the actions of DEFENDANT LLANES, for which the CITY OF MIAMI, MIAMI-DADE COUNTY, and MIAMI POLICE DEPARTMENT are responsible, PLAINTIFF suffered damages including, but not limited to, bodily injury which resulted in pain and suffering, disability, aggravation of a pre-existing condition, mental anguish, loss of capacity for the enjoyment of

life, expense of medical care and treatment, lost wages and loss of earning capacity, physical inconvenience, discomfort, loss of time, mental pain and suffering, high anxiety, embarrassment, humiliation, and injuries to his reputation, which have been suffered and will continue to be suffered in the future.

123.     As permitted by Rule 8(d), Fed. R. Civ. P., in the alternative to the contrary allegations set forth in this Complaint, PLAINTIFF alleges that DEFENDANT LLANES committed the tort of false arrest, but not in bad faith or with malicious purpose, nor in a manner exhibiting willful and wanton disregard of human rights, safety, or property.

124.     Vicarious liability should be imposed on Defendants CITY OF MIAMI, MIAMI-DADE COUNTY, and CITY OF MIAMI POLICE DEPARTMENT.

125.     PLAINTIFF satisfied the pretrial demands of section 768.28, Fla. Stat, and the claim has not been resolved.

WHEREFORE, PLAINTIFF seeks relief as further described below.

### COUNT IX: State Tort of Battery against Defendant City of Miami, Miami-Dade County, and/or City of Miami Police Department

126.     PLAINTIFF realleges paragraphs 1 through 68.

127.     The CITY OF MIAMI, MIAMI-DADE COUNTY, and CITY OF MIAMI POLICE DEPARTMENT are responsible for the conduct of its police officers who are acting in the course and scope of their employment.

128.     DEFENDANT LLANES, while acting in the course and scope of his

employment as a police officer, did unreasonably and unlawfully touch or strike and batter PLAINTIFF, resulting in the damages described in this complaint.

129.     PLAINTIFF did not invite or consent to the physical contact inflicted upon him by DEFENDANT LLANES.

130.     As permitted by Rule 8(d), Fed. R. Civ. P., in the alternative to the contrary allegations set forth in this Complaint, PLAINTIFF alleges that DEFENDANT LLANES committed the tort of tort of battery, but not in bad faith or with malicious purpose, nor in a manner exhibiting willful and wanton disregard of human rights, safety, or property.

131.     Vicarious liability should be imposed on the CITY OF MIAMI and/or MIAMI-DADE COUNTY for the actions of DEFENDANT LLANES.

132.     PLAINTIFF satisfied the pretrial demands of section 768.28, Fla. Stat, and the claim has not been resolved.

WHEREFORE, PLAINTIFF seeks relief as further described below.

### COUNT X: State Tort of Negligence against Defendant City of Miami, Miami-Dade County, and/or City of Miami Police Department

133.     PLAINTIFF realleges paragraphs 1 through 68.

134.     The CITY OF MIAMI, MIAMI-DADE COUNTY, and CITY OF MIAMI POLICE DEPARTMENT owed PLAINTIFF a duty of care in the hiring, training, supervision, disciplining, and retention of its officers

135.     The CITY OF MIAMI, MIAMI-DADE COUNTY, and/or CITY OF

MIAMI POLICE DEPARTMENT breached that duty, which directly, proximately, and foreseeably resulted the PLAINTIFF sustaining the injuries described in this complaint, including bodily injuries and resulting pain and suffering, mental anguish, loss of ability to enjoy life, expenses of medical treatment, and other losses, including the aggravation of pre-existing conditions. These injuries and losses are continuing, and PLAINTIFF will suffer such losses in the future.

136.     The conduct of DEFENDANT LLANES was serious, but was within the scope of behavior subject to respondeat superior under Florida law.

137.     As permitted by Rule 8(d), Fed. R. Civ. P., in the alternative to the contrary allegations set forth in this Complaint, PLAINTIFF alleges that DEFENDANT LLANES committed the tort of tort of negligence, but not in bad faith or with malicious purpose, nor in a manner exhibiting willful and wanton disregard of human rights, safety, or property.

138.     PLAINTIFF satisfied the pretrial demands of section 768.28, Fla. Stat, and the claim has not been resolved.

WHEREFORE, PLAINTIFF seeks relief as further described below.

## XIII. RELIEF REQUESTED

139.      PLAINTIFF respectfully requests a jury trial on all issues and requests as relief for the above counts:

140.     A public apology from DEFENDANT LLANES;

22

141.     Expunction of PLAINTIFF's arrest record in this matter;

142.     Judgment for compensatory damages in excess of $200,000.00;

143.     Judgment for exemplary or punitive damages;

144.     Cost of suit;

145.     Recovery of Attorney fees pursuant to 42 U.S.C. § 1983 and pretrial

interest on such fees;

146.     Any other such relief as this Honorable Court deems just and proper.

## XIV. DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial as to all issues triable by a jury.

**Respectfully submitted June 2, 2021**

**Rawsi Williams, Esq., R.N.**
Fla. Bar No. 103201
Email: service@rawsi.com
Secondary Email: rawsi@rawsi.com
Rawsi Williams Law Group
701 Brickell Ave.
STE 1550
Miami, FL 33131
Tel: 888-729-7452 (888-RawsiLaw)
Attorney for Plaintiff

**/s/ David R. Heffernan**

**David R. Heffernan**
Fla. Bar No.  893005
Email: David@KaireLaw.com
Kaire and Heffernan
999 Brickell Avenue
PH 1102
Miami, FL  33131
Tel:  305-372-0123
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by duly certified process server on June 2, 2021 on all counsel or parties of record on the Service List below.

**Rawsi Williams, Esq., R.N.**

SERVICE LIST

OFFICER IOANNYS LLANES
City of Miami Police Department
C/O Court Liaison or Chief Art Acevedo
400 NW 2nd Avenue
Miami, Florida 33128 Defendant

CITY OF MIAMI
[Francis Suarez, in his official capacity as Mayor]
C/O Attorney Ms. Victoria Mendez
City of Miami
Office of the City Attorney
444 S.W. 2nd Avenue, Suite 945
Miami, FL 33130 Counsel for Defendant

MIAMI-DADE COUNTY
[Daniella Levine Cava, in her official capacity as Mayor of Miami-Dade County]
C/O Attorney Ms. Abigail Price-Williams
County Attorney's Office
111 NW 1st Street, Suite 2810
Miami, Florida 33128 Counsel for Defendant